UNITED STATES of America,
Plaintiff and Appellee,

v.

Fred Carroll WILSON, Appellant.

No. 71-2866.

United States Court of Appeals,
Ninth Circuit.

April 12, 1972.

J. Frank McCabe, Asst. Federal Public Defender (argued), Frank O. Bell, Jr., Asst. Federal Public Defender, James F. Hewitt, Federal Public Defender, San Francisco, Cal., for appellant.

Paul J. Fitzpatrick, Asst. U. S. Atty. (argued), F. Steele Langford, Asst. U. S. Atty., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before CHAMBERS and TRASK, Circuit Judges, and MURRAY,* District Judge.

PER CURIAM:

The judgment of conviction for theft and for possession of stolen goods (four counts) from interstate commerce is affirmed.

There was no mathematical proof that the goods had not left interstate commerce, but the jury could have found, on the circumstances of the case, beyond a reasonable doubt that the interstate transit had not terminated. This the jury did. Other elements of the crime are clearly present.

Other points we find without substance.

* Honorable W. D. Murray, Senior United States District Judge for the District of Montana, sitting by designation.

Drew CHERRY et al., Plaintiffs-Appellees,

v.

The ATLANTIC-RICHFIELD COMPANY, Defendant-Appellant,

Texas Employers Insurance Association, Intervenor-Appellee.

No. 71-3330
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

April 13, 1972.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

The court required the jury to return its verdict in the form of answers to special interrogatories. The instructions of the court explicitly charged the jury that it should not reach the issue of damages if it found that the plaintiffs' injuries arose from work intimately connected with the defect the workmen were being employed to remedy. The first verdict both found that the injuries were intimately connected with the defect under repair and returned damage awards for both plaintiffs. Viewed in the most generous way, these answers were wholly inconsistent. It was not error for the court to refuse the answers and return the jury for further deliberation to resolve the conflict. 9 Wright and Miller, Federal Practice and Procedure: Civil 517–18 (1971). The other errors alleged were without merit. Affirmed. See Local Rule 21.[1]

** Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

1. See NLRB v. Amalgamated Clothing Workers of America, 430 F.2d 966 (5th Cir. 1970).